UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHARON STANFORD, *et al.*,

    Plaintiffs,

vs.

NORTHMONT CITY SCHOOL DISTRICT, *et al.*,

    Defendants.

Case No. 3:19-cv-399

District Judge Michael J. Newman

---

# ORDER DENYING DEFENDANTS BOARD OF EDUCATION AND CHAD KALTENBACH'S MOTIONS TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND/OR STRIKE THE EXHIBITS ATTACHED THERETO (DOC. NOS. 25, 27)

---

Plaintiffs Sharon and Dwain Stanford are the parents of J.S., a former student at Northmont City Schools. Doc. No. 23 at PageID 608. Plaintiff Katina Cottrell is the mother of J.E., a fellow student at Northmont. *Id*. Plaintiffs allege that Defendants Northmont City School District Board of Education and Vice Principal Chad Kaltenbach have applied certain school policies to discipline students, including J.S. and J.E., in a racially discriminatory manner.[1] *Id*. at 606-08, 613-27. By doing so, according to Plaintiffs, Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution and Title VI of the Civil Rights Act of 1964. *Id*. Plaintiffs also assert violations of state law and seek certification of a class. *Id*. at 627-34.

Defendants presently seek dismissal of Plaintiffs' second amended complaint under Fed. R. Civ. P. 12(b)(6). Doc. Nos. 25, 27. Defendants also move to strike the exhibits attached to,

---

[1] This reference to "Defendants" does not include Defendant City of Clayton, who has not sought dismissal under Rule 12(b)(6).

and certain allegations in, that pleading. *Id*. Plaintiffs oppose Defendants' motions. Doc. Nos. 26, 28. Each of these documents have been carefully and thoroughly reviewed and the two motions are now ripe for decision.

I.

The standards applicable to a Rule 12(b)(6) motion to dismiss are well established as set forth in *Ritz Safety, LLC v. Strategyn Mgmt. Grp., LLC*, No. 3:20-CV-413, 2021 WL 1721050, at *2 (S.D. Ohio Apr. 30, 2021) (citing, in part, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) and are fully incorporated herein. It suffices to note that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

II.

Accepting Plaintiffs' factual allegations in their second amended complaint as true -- a requirement at this early stage of the case, *id*. – their second amended complaint is sufficiently specific to raise non-conclusory and plausible constitutional claims. For example, Plaintiffs contend with sufficient particularity that Defendants violated J.S.'s and J.E.'s rights under the Equal Protection Clause, by suspending them from school in a racially discriminatory manner. "School officials violate the Equal Protection Clause when they punish a student more severely for his [or her] conduct than other students because of the student's race." *Heyne v. Metro. Nashville Pub. Sch.,* 655 F.3d 556, 570-71 (6th Cir. 2011) (brackets added). "The Equal Protection Clause requires public institutions to 'treat similarly situated individuals in a similar manner.'" *Buchanan v. City of Bolivar,* 99 F.3d 1352, 1360 (6th Cir. 1996) (quoting *Gutzwiller v. Fenik,* 860 F.2d 1317, 1328 (6th Cir. 1988)).

Defendants advance many arguments concerning why Plaintiffs' claims should be

dismissed under Rule 12(b)(6). *See, e.g.,* Doc. No. 25 at PageID 978-1000. Among multiple other arguments, they suggest, in a cursory manner, that qualified immunity protects Defendant Kaltenbach from any federal claims brought against him in his individual capacity. *Id*. at PageID 999-1000. Accepting as true all factual allegations in Plaintiffs' second amended complaint and construing that pleading in Plaintiffs' favor, *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007) -- and also "drawing on ... judicial experience and common sense," *Iqbal*, 556 U.S. at 679 -- Plaintiffs' pleading satisfies Rule 8(a)'s requirement of fair notice to Defendants of the factual basis for their plausible equal protection claims. *See Erickson*, 551 U.S. 89, 93 (2007) (explaining that a plaintiff's short, plain statement need only "'give the defendant fair notice of what … the claim is and the grounds upon which it rests'" (quoting *Twombly,* 550 U.S. at 555)). Additionally, given the fact-intensive nature of the parties' divergent views of the claims pled in Plaintiffs' second amended complaint, and in light of the plausible equal protection claims raised in that pleading, the best approach to resolving the instant case in a just, efficient, and cost-effective manner, *see* Fed. R. Civ. P. 1, is for the parties to conduct discovery; for the Court to review Plaintiffs' claims on summary judgment and in light of the evidence then produced; and, if appropriate under Rule 56, for the case to proceed to trial on one or more of Plaintiffs' claims. *Cf. Humphreys v. Bank of Am.,* 557 F.App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso,* 284 F.App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong,* 141 F.App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Housing Auth.,* 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting). This is true even where, as here, Defendants raise the possibility of a qualified immunity defense. *Cf. Wesley v. Campbell,* 779 F.3d 421, 433-34 (6th Cir. 2015) ("Although ... entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, that point is usually summary judgment and not dismissal under Rule 12." (cleaned up)).

**III.**

Turning to Defendants' motion to strike, they contend that Plaintiffs' exhibits A, B, D through K, and M through P (attached to the second amended complaint) must be stricken because they do not qualify as "written instruments" under Fed. R. Civ. P. 10(c). Doc. No. 25, PageID at 1002-03. Defendants contend that exhibits C, L, Q through U must be stricken as lacking any support in case law that allows Plaintiffs to attach them to the complaint. *Id*. at 1003-04. Defendants also characterize Plaintiffs' exhibits as creating complaints within complaints that Defendants would -- under Fed. R. Civ. P. 8(b) -- need to answer if they are not stricken. *Id*. at 1004. Defendants further argue that Plaintiffs' impertinent and scandalous assertions must be stricken. *Id*. at 1004-06.

Rule 12(f) permits an order "strik[ing] from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of the motion [to strike] is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'r Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)). Yet, such motions "are viewed with disfavor and are not frequently granted." *Id.* at 1050. "Typically, for a motion to strike to be granted, there must be evidence that the moving party has been prejudiced." *LaGuardia v. Designer Brands Inc.*, No. 2:20cv2311, 2020 WL 6280910, at *3 (S.D. Ohio Oct. 27, 2020).

Defendants have not shown they have suffered, or will suffer, prejudice if Plaintiffs' exhibits are not stricken from their second amended complaint. The Court has not considered any factual assertion in Plaintiffs' exhibits when ruling on Defendants' pending motion to dismiss. Rule 8(b), moreover, does not require Defendants to respond to any factual matter raised in the

exhibits attached to Plaintiffs' complaint. Instead, Rule 8(b) focuses on a defendant's responses "to a pleading …." Exhibits attached to a pleading are not specifically included in the list of documents that are "pleadings." *See* Fed. R. Civ. P. 7(a)(1)-(7). There is only a single exception: "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Defendants acknowledge that the exhibits attached to Plaintiffs' second amended complaint are not written instruments. Doc. No. 25, at PageID 1002-03. Nothing in the language of Rule 10(c) specifically permits or requires striking exhibits attached to pleadings that are not written instruments.

**IV.**

Defendants' motion to dismiss the second amended complaint, and/or strike the exhibits attached thereto, is **DENIED**.

**IT IS SO ORDERED.**

July 14, 2021                                              s/Michael J. Newman
                                                                                              Hon. Michael J. Newman
                                                                                              United States District Judge