UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHARON STANFORD, *et al.*,

    Plaintiffs,

vs.

NORTHMONT CITY SCHOOL DISTRICT, *et al*.,

    Defendants.

Case No. 3:19-cv-399

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING DEFENDANT CITY OF CLAYTON'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 40); (2) DISMISSING WITH PREJUDICE THE TWO STATE-LAW CLAIMS PLED AGAINST THE CITY OF CLAYTON IN THE SECOND AMENDED COMPLAINT (MALICIOUS PROSECUTION AND NEGLIGENT SUPERVISION); AND (3) DISMISSING THE CITY OF CLAYTON AS A DEFENDANT IN THIS CASE**

---

Plaintiffs Sharon and Dwain Stanford are the parents of J.S., a former student enrolled in Northmont City Schools ("Northmont") from 2009 to March 2019. Doc. No. 23, PageID 608. Plaintiff Katina Cottrell is the mother of J.E., a student at Northmont in January 2020. *Id*. Defendants are Northmont City School District Board of Education ("Board of Education"); Chad Kaltenbach, Vice Principal of Northmont High School; and the City of Clayton, Ohio ("the City"). *Id*. at 608-09. Plaintiffs' second amended complaint asserts federal-question jurisdiction over claims brought against the Board of Education and Kaltenbach under 42 U.S.C. § 1983, *id*. at 609, 617-18, and supplemental jurisdiction over their state-law claims. *Id*. at 609; *see* 28 U.S.C. § 1367.

Plaintiffs claim under § 1983 that Northmont and Kaltenbach violated their rights under the Fourth and Fourteenth Amendments to the Constitution by engaging in unreasonable searches "whereby a school employee isolates a child and intimately smells hair, clothing, and skin …" for

the odor of marijuana (Doc. No. 23, PageID 619), and by applying certain school policies to discipline students, including J.S. and J.E., in a racially discriminatory manner. *Id*. at 606-08, 619-23.  Plaintiffs also claim under § 1983 that Northmont and Kaltenbach violated their Fourteenth Amendment right to procedural due process, and discriminated against them based on their race, in violation of Title VI of the Civil Rights Act of 1964 and the Equal Protection Clause of the Fourteenth Amendment.  *Id*. at 623-25.  Plaintiffs further assert that Northmont negligently supervised Kaltenbach.  *Id*. at 628-30.

Plaintiffs' second amended complaint does not raise any federal claim under § 1983 (or otherwise) against the City.  Instead, the second amended complaint raises two state-law claims—(1) malicious prosecution of J.S.; and (2) negligent supervision—based on alleged misconduct by two City of Clayton police officers.  *Id*. at 627-28, 630-31.  Having filed an answer, the City presently seeks judgment on the pleadings under Fed. R. Civ. P. 12(c) (Doc. No. 40, 41, 43), which Plaintiffs oppose (Doc. No. 42).

### I.

The standard applicable to motions for judgment on the pleadings under Rule12(c) is the same as that applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).  The court accepts as true the factual allegations pled in the complaint and draws all reasonable inferences in the plaintiffs favor.  Denial of a motion for judgment on the pleadings occurs when a complaint "'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Myers v. City of Centerville*, 41 F.4th 746, 757 (6th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II.

Plaintiffs allege in their second amended complaint that City police officer Randy Monnin wrongly filed a disorderly conduct charge against J.S. in the Montgomery County Juvenile Court in 2016. Doc. No. 23, PageID 614, 627-28. According to Plaintiffs, Monnin thought J.S. committed disorderly conduct because he "look[ed] like he was contemplating running near the [school] buses…." *Id*. at 614. On January 25, 2017, the Juvenile Court dismissed the disorderly conduct charge for lack of evidence. *Id*. at 614, 628; *see* Doc. No. 40, PageID 1247. Based on these allegations, Plaintiffs assert that the City engaged in malicious prosecution of J.S. *Id*. at 627-28.

Plaintiffs' other claim against the City concerns its alleged negligent supervision of Monnin and fellow City police officer Tom Hamlin.[1] Plaintiffs allege that the City "fail[ed] to intervene, or to provide … officers [Monnin and Hamlin] with training about positive discipline and implicit bias." Doc. 23, PageID 630. Plaintiffs' second amended complaint describes various ways that Monnin and Hamlin allegedly targeted and harassed J.S. and J.E. *Id*. at 614-17.

## III.

**A. One-Year Statute of Limitations**

The City first argues that the one-year statute of limitations in Ohio Rev. Code § 2305.11(A) bars Plaintiffs' state-law malicious prosecution claim.[2] Plaintiffs counter—and the

---

[1] Although described in the second amended complaint, neither Hamlin nor Monnin is named a defendant in this case. Doc. No. 23, PageID 614, 630-31.

[2] The City contends that the statute of limitations bars Plaintiffs' malicious prosecution claim regardless of whether they raise it as a federal claim under 42 U.S.C. § 1983 or a state claim under Ohio law. In response, Plaintiffs point out, "malicious prosecution is a state court claim." Doc. No. 42, PageID 1260. Plaintiffs therefore do not seek to raise a claim of malicious prosecution under § 1983, despite a brief citation to it in their second amended complaint. *See id*.; *see also* Doc. No. 23, PageID 627-28.

City concedes—that the Ohio statute of limitations for malicious prosecution did not begin to run because J.S. was a minor at the time the state court dismissed the charge against him. *Id.* (citing Ohio Rev. Code § 2305.16); *see* Doc. No. 43, PageID 1266. The City's reliance on Ohio's one-year statute of limitations is therefore misplaced.

**B. Section 2744.02 Immunity**

The City next argues that it is statutorily immune from Plaintiffs' claims pursuant to Ohio Rev. Code. § 2744.01, *et seq.* Doc. No. 40, PageID 1251-54. The City is correct, *see* § 2744.02(A), unless an exception to that statutory immunity applies. Plaintiffs counter that Ohio Rev. Code § 2744.02(B) contains two exceptions to statutory immunity, both of which apply here. Doc. No. 42, PageID 1261-62.

Under Ohio Rev. Code § 2744.02(A)(1), political subdivisions—like the City of Clayton[3]—are immune from civil liability unless one of several exceptions applies. *Wright v. City of Euclid, Ohio*, 962 F.3d 852, 878 (6th Cir. 2020); *Harris v. Sutton*, 183 Ohio App.3d 616, 621 (2009) (City of East Cleveland is a "political subdivision"). Indeed, "[t]he general rule is that political subdivisions [in Ohio] are immune from tort liability." *Anderson v. Westlake*, 182 N.E.2d 1225, 1231 (Ohio Ct. App. 2021).

Five exceptions to statutory immunity potentially expose an Ohio political subdivision to liability:

> 1. [I]njury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority[;]
>
> 2. [I]njury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions[;]

---

[3] The City does not dispute that it is a political subdivision. Doc. No. 42, PageID 1241.

    3. [I]njury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads[;]

    4. [I]njury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function[; or]

    5. [I]njury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code.

Ohio Rev. Code § 2744.02(B)(1)-(5).

    Plaintiffs contend that the exception to statutory immunity in Ohio Rev. Code § 2744.02(B)(2) supports their negligent supervision claim against the City. Doc. No 42, PageID 1261. Plaintiffs' contention lacks merit because this exception is limited in scope and just applies to "proprietary functions of a political subdivision." Ohio Rev. Code § 2744.02(B)(2). "The provision or nonprovision of police … services or protection" is a "governmental function," not a proprietary function. Ohio Rev. Code § 2744.01(C)(2)(a); *see McKee v. McCann*, 102 N.E.3d 38, 50 (Ohio Ct. App. 2017) ("[T]he provision of police services and the training of police are governmental functions subject to statutory immunity" (quoting *Wingfield v. Cleveland*, 2014-Ohio-2772, 2014 WL 2932780, ¶ 13 (Ohio Ct. App. 2014))); *see also Freedom Banc Mortg. Services, Inc. v. O'Harra*, No. 2:11-cv-01073, 2012 WL 3862209, at *13 (S.D. Ohio 2012) ("[S]upervision of employees is not a proprietary function that would invoke the § 2744.02(B)(2) exception").

    Plaintiffs lastly contend that the exception to statutory immunity in Ohio Rev. Code § 2744.02(B)(5) applies because another section of the Ohio Revised Code—specifically, § 2921.45—"provides [a] remedy." Doc. No. 42, PageID 1261-62. This contention also lacks merit. Ohio Rev. Code § 2921.45(A) imposes criminal—not civil—liability upon certain "public

servants" for knowing deprivations of constitutional or statutory rights.  A violation of this statute is a first degree misdemeanor.  Ohio Rev. Code § 2921.45(B); *cf. Buddenberg v. Weisdack*, 161 Ohio St.3d 160, 161 (2020) (recognizing § 2921.45 is a criminal statute).  By its express language, § 2744.02(B)(5) is limited to Ohio statutes that impose "civil liability" upon political subdivisions.  Consequently, the exception to statutory immunity in § 2744.02(B)(5) does not apply to Plaintiffs' claims against the City.

This leaves the three remaining exceptions in Ohio Rev. Code § 2744.02(B)—(B)(1), (B)(3), and (B)(4)—none which Plaintiffs rely upon.  *See* Doc. No. 43, PageID 1261-63.  The City correctly contends that these exceptions identify circumstances (such as negligent operation of motor vehicles), which are not at issue in Plaintiffs' second amended complaint.  Doc. No. 40, PageID 1253.

In conclusion, the City of Clayton is statutorily immune from liability for Plaintiffs' state-law malicious prosecution and negligent supervision claims, and no exception to that immunity applies.

### IV.

The City's motion for judgment on the pleadings is thus **GRANTED,** and Plaintiffs' claims against the City of Clayton are **DISMISSED WITH PREJUDICE**.  As no other claims remain pending against the City of Clayton, the City is **DISMISSED** as a Defendant in this case.

**IT IS SO ORDERED.**

September 28, 2022                          s/Michael J. Newman
                                            Hon. Michael J. Newman
                                            United States District Judge