UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

J.S., DWAIN STANFORD, AND
SHARON STANFORD, *et al.*,

    Plaintiffs,

vs.

NORTHMONT CITY SCHOOL
DISTRICT, *et al.*,

    Defendants.

Case No. 3:19-cv-399

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

_____

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES (Doc. No. 110)**
_____

This civil case is before the Court on Defendants' motion for attorney's fees. Doc. No. 110. Plaintiffs filed a response in opposition (Doc. No. 112), and Defendants replied (Doc. No. 114). Thus, this motion is ripe for review.

## I.    Background

A complete discussion of the underlying facts of this case is included in the Court's order on summary judgment and is hereby incorporated by reference. *See* Doc. No. 104. Now, Defendants seek fees in the amount of $45,308.50. Doc. No. 110 at PageID 2739. They argue they are entitled to attorney's fees because, in their view, Plaintiffs litigated frivolous claims. *See id.* at PageID 2734.

## II.    Legal Standard

Under the "American Rule," parties are ordinarily responsible for their own attorney's fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Thus, there is "a general practice of not awarding attorney's fees to a prevailing party absent explicit statutory authority." *Key Tronic Corp. v. U.S.*, 511 U.S. 809, 819 (1994). Congress, however, has decided

to depart from the American Rule in more than 150 existing federal statutes which include a fee-shifting provision predicated on some success by the party seeking a judicial award of fees. *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 684 (1983). These statutes contain varying language on the precise degree of success necessary for a fee award, including terms such as whether the claimant was the "prevailing party," the "substantially prevailing" party, or a "successful" party. *Id.*

42 U.S.C. § 1988(b) allows recovery of reasonable costs and attorney's fees "[i]n any action or proceeding to enforce a provision of…[T]itle VI of the Civil Rights Act of 1964[.]" *See* 42 U.S.C. § 1988(b). The decision of whether to award the prevailing party attorney's fees under § 1988 is solely within the Court's discretion. *Id.* When the prevailing party seeking attorney's fees is a defendant, a district court is authorized to grant such a request "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). A plaintiff can also be liable for attorney's fees if "the plaintiff continued to litigate [a frivolous claim] after it clearly became so." *Id.* at 421-22.

The Sixth Circuit has allowed recovery by defendants in only the most egregious cases. *See Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) ("An award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.'" (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (additional citations omitted))).

28 U.S.C. § 1927 allows recovery for "excess costs, expenses, and attorneys' fees reasonably incurred" from an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously[.]" *See* 28 U.S.C. § 1927. Section 1927 "authorizes a court to assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation despite the

absence of any conscious impropriety." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). "There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987).

### III.     Analysis

#### A. Recovery Under 42 U.S.C. § 1988

The Court must determine whether any of Plaintiffs' claims were frivolous or became frivolous at some point in the litigation and, if so, what costs accrued only because of the frivolous claims. "To determine whether a suit is frivolous, [courts] consider 'whether the issue is one of first impression requiring judicial resolution, whether the controversy is sufficiently based upon a real threat of injury to the plaintiff, whether the trial court has made a finding that the suit was frivolous under the *Christiansburg* guidelines, and whether the record would support such a finding.'" *Garner v. Cuyahoga Cnty. Juv. Ct.*, 554 F.3d 624, 636 (6th Cir. 2009) (quoting *Tarter v. Raybuck*, 742 F.2d 977, 986 (6th Cir. 1984) (additional citations omitted). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1984).

The mere non-success of a claim does not make it frivolous. *See Garner*, 554 F.3d at 637.[1] *See also Christiansburg*, 434 U.S. at 421-22 (explaining that "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning that, because a plaintiff did

---

[1] This does not mean, however, that just because a plaintiff may be able to satisfy prima facie elements of a particular claim, that the claim is automatically not frivolous. *See* Garner, 554 F.3d at 637 ("[Plaintiff's] argument is unpersuasive because it implies that, because certain employees were able to satisfy a few elements of their prima facie case for disparate-treatment claims, their claims were for that reason alone not frivolous. If that were the case, then any plaintiff who could partially satisfy his or her prima facie case could confidently evade an award of attorney fees under § 1988.").

3

not ultimately prevail, his action must have been unreasonable or without foundation" because "[that] kind of hindsight logic could discourage all but the most airtight claims"). While Plaintiffs' claims were ultimately unsuccessful, this Court does not believe that litigating them was so frivolous or egregious as to warrant the sanction of attorney's fees. This case was not terminated on the docket until the summary judgment phase, after extensive, necessary discovery had been conducted to clarify to the Court how the facts applied to the law. *See Riddle*, 266 F.3d at 551 ("Rule 56 is a tool to narrow the factual and legal issues to be brought to trial but does not necessarily mean that a finding not in favor of a plaintiff means that the plaintiff had no basis for filing a complaint").

Further, as a matter of policy, imposing the extreme sanction of attorney's fees against non-prevailing plaintiffs in § 1983 claims has the potential to discourage enforcement of civil rights laws. As the Sixth Circuit explained,

> A potential plaintiff's fear of an increased risk of being assessed attorney fees after extensive discovery has taken place and who continues to proceed to a ruling on a summary judgment motion, would create a disincentive to the enforcement of civil rights laws and would have a chilling effect on a plaintiff who seeks to enforce his/her civil rights, especially against a government official.

*Id.* (citing *Dean v. Riser*, 240 F.3d 505, 510 (5th Cir. 2001)). Where, as here, plaintiffs genuinely believe they have suffered a constitutional violation of civil rights laws and protections, pursuing relief for the perceived injustices is not so egregious as to warrant attorney's fees if that pursuit is futile. Accordingly, Defendants' request for attorney's fees under 42 U.S.C. § 1988 should be denied.

### B. Recovery Under 28 U.S.C. § 1927

Defendants also argue they are entitled to attorney's fees under 28 U.S.C. § 1927 because they believe Plaintiffs "and their attorney should have known after Defendants' first motion to

4

dismiss that most of the federal claims included in their complaint had no basis in the law[,]" but pursued them anyway. Doc. No. 110 at PageID 2737. They argue Plaintiffs'' counsel should have "withdrawn and/or dismissed all other claims they knew or should have known lacked legal merit." *Id.*

Defendants provide no evidence of how Plaintiffs' counsel acted frivolously beyond the accusations of pursuing and litigating these claims through summary judgment. The Court does not find that Plaintiffs' counsel acted in any way that constitutes vexatious or multiplicative litigation amounting to frivolity. In fact, the opposite is true; Plaintiffs' counsel zealously and well litigated their clients' rights which they believed were infringed by Defendants. Accordingly, Defendants' request for attorney's fees under 28 U.S.C. § 1927 should be denied.

### IV. Conclusion

For the reasons stated, Defendants' motion for an award of attorney's fees (Doc. No. 110) is **DENIED**.

**IT IS SO ORDERED**.

  February 16, 2024                              s/Michael J. Newman
                                                         Hon. Michael J. Newman
                                                         United States District Judge