UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

J.S., DWAIN STANFORD, AND
SHARON STANFORD, *et al.*,

    Plaintiffs,

vs.

NORTHMONT CITY SCHOOL
DISTRICT, *et al.*,

    Defendants.

Case No. 3:19-cv-399

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (Doc. No. 119); AND (2) CLARIFYING THAT THIS CASE REMAINS TERMINATED ON THE DOCKET**

---

This civil case is before the Court on Plaintiffs' motion for reconsideration of the Clerk of Court's taxation of costs. Doc. No. 119. Defendants filed a response in opposition. Doc. No. 120. This motion is ripe for review.

## I. Background

A complete discussion of the underlying facts of this case is included in the Court's order on summary judgment and is hereby incorporated by reference. *See* Doc. No. 104. After the Court terminated this case on the docket, Defendants filed a bill of costs with the Clerk of Court seeking reimbursement for deposition transcripts. *See* Doc. No. 108. After the issue was fully briefed (*see* Doc. Nos. 108, 111, 113), the Clerk issued a memorandum regarding the Bill of Costs (Doc. No. 117) and taxed Plaintiffs with costs in the amount of $6,326.50 (Doc. No. 118).

## II. Legal Standard

Fed. R. Civ. P. 54(d) allows the prevailing party to recover litigation costs from the unsuccessful party. *See* Fed. R. Civ. P 54(d)(1). The Sixth Circuit has clarified that Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The unsuccessful party bears the burden of overcoming the presumption "favoring an award of costs to the prevailing party." *Id.* at 732 (citing *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)). The Sixth Circuit has identified several factors that "may be sufficient to justify a district court in overcoming the presumption in favor of a cost award[.]" *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). These factors include, *inter alia*, "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Id.* (citing *White & White*, 786 F.2d at 732-33).

## III. Analysis

Plaintiffs fail to overcome the presumption favoring an award of costs to Defendants in this case. The Clerk awarded costs to Defendants for deposition transcripts, a permissible and authorized reimbursement. *See* 28 U.S.C. § 1920 (authorizing a judge or Clerk of Court to tax costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees and disbursements for printing and witnesses"). Plaintiffs nonetheless argue that Defendants' Bill of Costs is "opaque" and "unreliable." *See* Doc. No. 111 at PageID 2760. Specifically, Plaintiffs question itemizations that seek to reimburse Defendants for "court reporter attendance[,]" and "linking of exhibits[,]" as well as payment ledgers describing transactions as "Bill." *See generally id.* Plaintiffs argue that these costs fall outside the scope of permissible fees to be recovered under 28 U.S.C. § 1920 and Rule 54(d).

The Court disagrees. To start, it is well-settled that district courts within the Sixth Circuit can tax costs for a court reporter's appearance because "[t]he court reporter's appearance fee is necessary to take a deposition." *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x, 199, 203 (6th Cir. 2002). The Bill of Costs includes charges for "linking of exhibits" on some, but not all, deposition transcript acquisitions. *See* Doc. No. 108. This cost is associated with the deposition transcript, so the Clerk did not err in awarding that cost to Defendants. Finally, the purportedly vague payment ledgers have been reasonably explained by Defendants. *See* Doc. No. 120. The ledgers were redacted to include only information pertinent to the instant case because Defendants' law firm uses payment ledgers for more than one case at a time. *Id.* at PageID 2846-47. Defendants submitted these ledgers only to show that the costs were incurred by their law firm, not to demonstrate the actual value of the transcripts.[1] *Id.*

Plaintiffs' other arguments also fail to overcome the presumption favoring Defendants. Plaintiffs argue that costs should not be awarded to Defendants because: (1) the case is "close and difficult;" (2) Plaintiffs acted in good faith; (3) Defendants committed misconduct or otherwise acted in bad faith or abused the trial process; (4) the costs awarded by the Clerk are unreasonable and/or unnecessary; and (5) awarding costs creates a chilling effect deterring future litigants. *See* Doc. No. 111. While some of these arguments may overcome the presumption in favor of awarding costs, *see Singleton*, 241 F.3d at 539, Plaintiffs have not shown circumstances sufficient to deny costs here. Their arguments amount to mere conclusory allegations that do not satisfy the burden Plaintiffs must meet to overcome Rule 54(d)'s presumption in favor of awarding costs to Defendants. *See generally* Doc. No. 111. Accordingly, the Court declines to reconsider and reverse the Clerk of Court's entry of costs awarded to Defendants.

---

[1] The legitimacy of the price of the transcripts was established in bills sent directly from Blair Reporting Services, which were included in the Bill of Costs. *See* Doc. No. 108.

## IV. Conclusion

For the reasons stated, Plaintiffs' motion for reconsideration (Doc. No. 119) is **DENIED**. This case remains **TERMINATED ON THE DOCKET**.

**IT IS SO ORDERED**.

  April 17, 2024                                  s/Michael J. Newman
                                                                 Hon. Michael J. Newman
                                                                  United States District Judge